# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT E. SNATCHKO, JR.,**<br>    **Plaintiff,**<br><br>    vs.<br><br>**PETERS TOWNSHIP, OFFICER MARK E. MADEY**, **STEVE VASKO, INC.** *trading and doing business as* VASKO DODGE, **WILLIAM VASKO** *and* **JOHN VASKO,**<br>    **Defendants.** | 2:12-cv-1179 |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court are the MOTION TO DISMISS THE AMENDED COMPLAINT OF DEFENDANTS STEVE VASKO, INC., t/d/b/a VASKO DODGE, WILLIAM VASKO, AND JOHN VASKO (ECF No. 26) with brief in support (ECF No. 27); the MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 28) with brief in support (ECF No. 29) filed by the Township Defendants; the SUPPLEMENTAL MOTION TO DISMISS THE AMENDED COMPLAINT OF DEFENDANTS STEVE VASKO, INC., t/d/b/a VASKO DODGE, WILLIAM VASKO, AND JOHN VASKO, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF No. 33) with brief in support (ECF No. 34); and the DEFENDANTS PETERS TOWNSHIP'S AND OFFICER MARK E. MADEY'S SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY (ECF No. 35) with brief in support (ECF No. 36). Plaintiff filed a responsive brief in opposition (ECF No. 39) in which he addresses and disputes all of the pending motions; the Township Defendants (ECF No. 40) and the Vasko Defendants (ECF No. 41) filed reply briefs.

As a threshold matter, this Court must first decide whether to treat the Rule 12(b)(6) motion to dismiss as a Rule 56 motion for summary judgment.

Generally, "to the extent that [a] court considers evidence beyond the complaint in deciding a 12(b)(6) motion, it is converted to a motion for summary judgment." *Anjelino v. New York Times Co.*, 200 F.3d 73, 88 (3d Cir. 1999).  However, in resolving a Rule 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records, and documents referenced in the complaint or are essential to a plaintiff's claim.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Appended to the briefs submitted by the Defendants is the verdict slip for the non-jury criminal trial held in the Court of Common Pleas of Washington County, Pennsylvania on January 30, 2013.  The Court takes judicial notice of this public record and declines Defendants' invitation to convert the Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment.  *See* Fed. R. Civ. P. 12(d).

## I.     Background

The parties, counsel, and the Court are familiar with the background of this case and, therefore, the Court will not recite the facts at any length again.  *See Snatchko v. Peters Twp.*, 2:12-CV-1179, 2012 WL 6761369 (W.D. Pa. Dec. 28, 2012) (ECF No. 23).  The following is only a brief recitation of the procedural history salient to the issues presently before the Court.

Plaintiff commenced this civil rights lawsuit pursuant to 42 U.S.C. § 1983 by the filing of a seven-count Complaint in which he alleges various federal and state law claims.  Shortly after service of process, all Defendants named in the initial Complaint filed their respective Rule 12(b)(6) motions.

By a Memorandum Opinion dated December 28, 2012, the Court granted in part and denied in part the motions and provided Plaintiff with leave to amend.  At the conclusion of that

opinion, the Court noted that "[i]f Plaintiff chooses to file an Amended Complaint, it will be important to address the shortcomings previously discussed to assure that it contains sufficient factual allegations to render the claim 'plausible' in compliance with the pleading standard set forth and explained in *Twombly* and *Iqbal*." (ECF No. 23 at 28). The Court likewise cautioned that "[s]hould Plaintiff fail to heed this instruction, dismissal of certain claims with prejudice may follow." *Id.*

Plaintiff seemingly embraced the opportunity to cure the initial pleading deficiencies, submitting a seven-count Amended Complaint (ECF No. 25) approximately two weeks later. The Amended Complaint sets forth claims for (1) False Arrest against Plaintiff Mark E. Madey; (2) Municipal Liability against Peters Township; (3) Civil Conspiracy against all of the remaining named Defendants; (4) Intentional Infliction of Emotional Distress against all of the remaining individual Defendants; (5) Defamation against all of the remaining individual Defendants; (6) Assault against John Vasko; and (7) Battery against John Vasko.

The filing of Rule 12(b)(6) Motions once again followed. Initially, Defendants sought dismissal of the civil conspiracy count based on Plaintiff's alleged failure to comply with the Court's Order to set forth sufficient factual allegations in support of his claims. Defendants soon filed a motion for leave to supplement their respective motions based on the outcome of a related state court criminal proceeding arising from the underlying events of this civil lawsuit.

More specifically, after a non-jury trial was held before Judge Katherine B. Emery of the Court of Common Pleas of Washington County, that court found Plaintiff guilty of the crimes of Criminal Mischief (M2), 18 PA. CONS. STAT. ANN. § 3304(a)(5) and Simple Assault (M2), 18 PA CONS. STAT. ANN. § 2701(a)(3) and not guilty of the crimes of Terroristic Threats (M1), 18 PA. CONS. STAT. ANN. § 2706(a)(1) and Recklessly Endangering Another Person (M2), 18 PA. CONS. STAT. ANN. § 2705. To the Defendants, that verdict now estops Plaintiff from challenging the

3

validity of his arrest and his criminal charges under the doctrine established in *Heck v. Humphrey*, 512 U.S. 477 (1994). Likewise, the Township Defendants also advance the position that the *Monell* claim necessarily fails because there is no underlying constitutional violation.

Plaintiff disagrees that the *Heck* doctrine easily disposes of this matter. Rather, citing to *Wallace v. Kato*, 549 U.S. 384 (2007), Plaintiff argues that "this Court must analyze whether the facts as alleged in his false arrest suit necessarily and materially impugn [his] misdemeanor conviction." (ECF No. 39 at 11). Plaintiff proposes that the Court answer this inquiry in his favor for two reasons: (1) "[he] was acquitted on the more serious charges, reckless endangerment and terroristic threats, and thus those charges were decided in his favor;" and (2) "it is the terroristic threats charge that forms the gravamen of Plaintiff's section 1983 case." (ECF No. 39 at 11).

The Court now turns to the pending motions to dismiss filed by both the Vasko Defendants and the Township Defendants.

## II. Standard of Review

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) When reviewing a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v.*

*City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21).  The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678).  The determination for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met.  *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted).  The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553).  Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)).  While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55).  Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

### III. Discussion

Pleaded in the Amended Complaint are three federal civil rights claims and four pendant state law causes of action. For the reasons that follow, the motion(s) to dismiss will be granted as to the federal claims and the common law counts will be dismissed without prejudice.

A. <u>Federal Claims</u>

Generally speaking, *Heck* controls whether Plaintiff's § 1983 claims for false arrest and civil conspiracy may survive and potentially impacts the *Monell* claim by extension. In *Heck,* the Supreme Court of the United States announced the following rule:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted and emphasis in original). The Supreme Court "rested this conclusion upon 'the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments.'" *Wallace v. Kato*, 549 U.S. 384, 392 (2007) (quoting *Heck*, 512 U.S. at 486).

Here, Plaintiff has made no such showing, and the guiding principal of *Heck* instead leads the Court to give the state court convictions preclusive effect such that he may not maintain § 1983 claims for false arrest or civil conspiracy. An ultimate judgment in favor of Plaintiff on his federal civil rights claim would imply that he was unconstitutionally arrested and questionably subjected to the prosecutorial force of the Washington County District Attorney's Office when,

7

in fact, Judge Emery found him guilty of the crimes of criminal mischief and simple assault.[1] The Court will not permit Plaintiff to relitigate this matter in the face of those two criminal convictions stemming from conduct that forms the very basis of this civil suit. Put differently, the facts alleged in his § 1983 claims do not necessarily and materially impugn the findings of guilt on the charges. Accordingly, dismissal is appropriate.

Even if the Court wholly disregards any application of *Heck* and solely focuses on the federal pleading standards, the result would not change. Once again, Plaintiff's cursory legal conclusions dressed up as factual allegations simply do not comport with the federal standards to state a plausible claim for relief. The Court will therefore grant the motions to dismiss Count One and Count Three of the Amended Complaint.

The only substantial question that remains is what effect this ruling has on the *Monell* claim. Axiomatically, Plaintiff cannot establish any *Monell* liability against Defendant Peters Township absent an underlying constitutional violation. *C.f. Stiegel v. Peters Twp.*, 2:12-CV-00377, 2012 WL 3096663, *6 (W.D. Pa. July 30, 2012) ("It is black letter law that without an underlying constitutional violation, Plaintiff cannot as a matter of law establish any *Monell* liability."); *Verbanik v. Harlow*, CIV.A. 09-448, 2012 WL 4378198, *9 (W.D. Pa. Sept. 25, 2012) *aff'd*, 12-3887, 2013 WL 310237 (3d Cir. Jan. 28, 2013) ("Of importance, however, is that the absence of an underlying constitutional violation precludes any supervisory liability on a 'knowledge or acquiescence' or 'failure to train' theory.") (citations omitted). Because the Court holds that there can be no underlying constitutional violation, it will likewise grant the motion to dismiss Count Two of the Amended Complaint.

---

1. Even though Plaintiff was convicted of those crimes, the Amended Complaint avers that Madey knew or should have known that the "Vaskos' claims that Plaintiff had committed criminal acts, *i.e.*, criminal mischief, terroristic threats and reckless endangerment were false." (ECF No. 25 at 14). Plaintiff also attempts to implicate the Washington County District Attorney's Office in the Amended Complaint, pleading that Madey was carrying out its directive to afford the Vasko Defendants with "'police protection' from consumer complaints." *Id.*

B.  State Law Claims

The remaining four causes of action are based on Pennsylvania law. Jurisdiction over supplemental claims is governed by 28 U.S.C. § 1367(a), which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The Court has discretion to decline to exercise supplemental jurisdiction, however, if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Third Circuit has held that, where all federal claims are dismissed before trial, "the district court *must* decline to decide the . . . state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995) (emphasis in original)). Finding no such justification, the Court will dismiss the state law claims without prejudice.

C.  Leave to Amend

If a civil rights complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). A district court must provide the plaintiff with this opportunity even if the plaintiff does not seek leave to amend. In non-civil rights cases, however, a plaintiff must seek leave to amend and submit a draft amended complaint. *Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007).

Under the circumstances of this matter, the Court will not grant Plaintiff leave to amend as it would be futile. The Court has already provided Plaintiff's counsel a reasonable

opportunity to cure the pleading defects present in the original Complaint, specifically placing him on notice of the deficiencies. Accordingly, dismissal of the federal claims without leave to amend is justified in this matter.

## IV.   Conclusion

For the reasons hereinabove stated, the Court will grant Defendants' Motions to Dismiss Plaintiff's federal claims and will dismiss the remaining state law claims without prejudice.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT E. SNATCHKO, JR.,**<br>Plaintiff,<br><br>vs.<br><br>**PETERS TOWNSHIP, OFFICER MARK E. MADEY**, **STEVE VASKO, INC.** *trading and doing business as* VASKO DODGE, **WILLIAM VASKO** *and* **JOHN VASKO,**<br>Defendants. | )<br>)<br>)<br>)<br>) 2:12-cv-1179<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER OF COURT

AND NOW, this 23rd day of April 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED and DECREED** that the MOTION TO DISMISS THE AMENDED COMPLAINT OF DEFENDANTS STEVE VASKO, INC., t/d/b/a VASKO DODGE, WILLIAM VASKO, AND JOHN VASKO (ECF No. 26); the MOTION TO PARTIALLY DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 28) filed by the Township Defendants; the SUPPLEMENTAL MOTION TO DISMISS THE AMENDED COMPLAINT OF DEFENDANTS STEVE VASKO, INC., t/d/b/a VASKO DODGE, WILLIAM VASKO, AND JOHN VASKO, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT (ECF No. 33); and the DEFENDANTS PETERS TOWNSHIP'S AND OFFICER MARK E. MADEY'S SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY (ECF No. 35) are **GRANTED IN PART AND DENIED IN PART** insofar as all federal claims alleged in Plaintiff's Amended Complaint (ECF No. 25) are **DISMISSED WITH PREJUDICE** and all pendent state law claims in Plaintiff's Amended Complaint (ECF No. 25) are **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall docket this case closed.

                                          BY THE COURT:

                                          <u>s/Terrence F. McVerry</u>
                                          United States District Judge

cc:    Robert M. Owsiany
        Email: rmowsiany@rmolaw.com

        Paul D. Krepps
        Email: pdkrepps@mdwcg.com
        Estelle K. McGrath
        Email: ekmcgrath@mdwcg.com
        Teresa O. Sirianni
        Email: tosirianni@mdwcg.com

        Frank J. Lavery , Jr.
        Email: flavery@laverylaw.com
        Gary H. Dadamo
        Email: gdadamo@laverylaw.com